**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 02-cv-00084-REB-BNB

APPLESEED JESUSDAUGHTER,

     Plaintiff,

v.

COLORADO MENTAL HEALTH INSTITUTE AT PUEBLO,
COLORADO DEPARTMENT OF CORRECTIONS,
SAN CARLOS CORRECTIONAL FACILITY,
DR. GRAHAM HOFFMAN,
JAMES MARSHALL,
LORRAINE DIAZ,
ALVIN SAIS,
LT. SCOLIRI,
JOHN DOE NOES 1-10, and
JANE ROE NOS. 1-10, in their individual capacities,

     Defendants.

---

**ORDER RE: RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matters before me are 1) **Defendants' Motion to Dismiss** [#177], filed August 31, 2005; and 2) **Findings of Fact,. Conclusion of Law, and Recommendation of United States Magistrate Judge** [#228], filed June 27, 2006. On July 26, 2006, the plaintiff filed objections [#245] to the recommendation, and on August 22, 2006, the defendants filed a response [#261] to the plaintiff's objections.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the objection, and the applicable case law.  In addition, because the

plaintiff was proceeding *pro se* at some points in this case, I have construed her *pro se* pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The recommendation is detailed and well-reasoned.  I find and conclude that the arguments advanced, the authorities cited, and the findings of fact, conclusions of law and recommendation proposed by the Magistrate Judge should be approved and adopted.  I find further that the plaintiffs' objections should be overruled.

Based on statements made by the parties in the plaintiff's objection and the defendants' response to those objection, I would note one additional point concerning the Magistrate Judge's Eleventh Amendment analysis.  A state can waive the protections of the Eleventh Amendment, but such a waiver must be "an extraordinarily effective waiver."  **Sutton v. Utah State School for Deaf & Blind**, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation and internal quotation omitted).  In this case, the state defendants asserted "absolute, official, and qualified immunity" as defenses in their Answers.  *Answers* [#158], filed September 1, 2004; [#164], filed October 28, 2004.  The defendants have not raised Eleventh Amendment immunity explicitly in their later filings, except for the Scheduling Order [#239], filed July 21, 2006.  I conclude that these circumstances do not constitute an extraordinarily effective waiver of Eleventh Amendment immunity.  In the absence of such a waiver, I conclude that the Magistrate Judge's analysis of the Eleventh Amendment immunity issue is correct.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Findings of Fact,. Conclusion of Law, and Recommendation of United States Magistrate Judge** [#228], filed June 27, 2006, are **APPROVED AND**

**ADOPTED** as an order of this court;

    2. That the **Plaintiff's Objection to Findings of Fact, Conclusion of Law, and Recommendation of United States Magistrate Judge** [#245], filed July 26, 2006, is **OVERRULED and DENIED**;

    3. That the **Defendants' Motion to Dismiss** [#177], filed August 31, 2005, is **GRANTED** insofar as it seeks dismissal of Claims Two, Three, Four, and Five for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act;

    4. That the **Defendants' Motion to Dismiss** [#177], filed August 31, 2005, is **GRANTED**, under FED. R. CIV. P. 12(b)(6), insofar as it seeks dismissal of Claim One's allegations regarding deliberate indifference to the plaintiff's medical needs;

    5. That the **Defendants' Motion to Dismiss** [#177], filed August 31, 2005, is **DENIED** insofar as it seeks dismissal of Claim One's allegations regarding excessive force against defendant Lt. Scoleri and the John Doe and Jane Roe defendants;

    6. That the **Defendants' Motion to Dismiss** [#177], filed August 31, 2005, is **DENIED AS MOOT** to the extent it seeks dismissal of the plaintiff's claims for failure to exhaust administrative remedies;

    7. That Claims Two, Three, Four, and Five are **DISMISSED** as against the individual defendants because those claims are barred by the Eleventh Amendment and, therefore, this court lacks subject matter jurisdiction;

    8. That Claims One, Two, Three, Four, and Five are **DISMISSED** as against the Colorado Mental Health Institute at Pueblo, the Colorado Department of Corrections, and the San Carlos Correctional Facility because those claims are barred by the Eleventh Amendment and, therefore, this court lacks subject matter jurisdiction;

9. That defendants Colorado Mental Health Institute at Pueblo, the Colorado Department of Corrections, the San Carlos Correctional Facility, Dr. Graham Hoffman, James Marshall, Lorraine Diaz, and Alvin Sais are **DROPPED** from this action;

10. That the caption in this case shall be **AMENDED** accordingly.

Dated September 5, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**