IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 02-cv-00084-REB-BNB

REVEREND APPLESEED NAPHTALI JESUSDAUGHTER,

Plaintiff,

v.

LT. JOHN SCOLERI, and
JOHN DOE NOS. 1-10 and JANE ROE NOS. 1-10, in their individual capacities,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Defendant Lt. John Scoleri's Motion to Withdraw "Deemed Admissions" and Substitute Therefore His Written Responses to Plaintiff's Second Set of Request for Admissions** [Doc. # 294, filed 1/31/2007] (the "Motion to Withdraw Admissions"). The Motion to Withdraw Admissions is GRANTED.

The plaintiff served her second set of written discovery on the defendant by United States mail on December 15, 2006. *Plaintiff's Opposition to Motion to Withdraw "Deemed Admissions" [etc.]* [Doc. # 296, filed 2/7/2007] (the "Response"), at p.4 and Exh.7. The second discovery requests contained the following eight requests for admissions:

> 1. Please admit that you exerted some form of force over Plaintiff, including, without limitation, stun guns, gas, physical, or otherwise.
>
> 2. Please admit that you have not received training with respect to the use of stun guns or gas to subdue prisoners, inmates, or patients.

> 3. Please admit that you observed other individuals exerting some form of force over Plaintiff, including, without limitation, stun guns, gas, physical, or otherwise.
>
> 4. Please admit you or others required Plaintiff to submit to a strip search, i.e., a situation in which Plaintiff was being instructed to or forced to remove part or all of her clothing.
>
> 5. Please admit that you were not justified in exerting any form of force over Plaintiff on any occasion.
>
> 6. Please admit that it would not be appropriate under any circumstances to use a stun gun on the head or face of a prisoner, inmate, or patient.
>
> 7. Please admit that you were never justified in using a stun gun on Plaintiff's thigh or on any other part of her body.
>
> 8. Please admit that you used tangible objects to apply force to Plaintiff.

*Response*, Exh. 7 at pp7-8.

Scoleri's responses to the plaintiff's requests for admissions were due 33 days after service, or on or before January 17, 2007. Id. at p.4. It is not disputed that Scoleri failed to serve responses to the plaintiff's requests for admissions within the time permitted, see *Motion* at ¶12, and that the responses were served two days late, on January 19, 2007.

At the time the plaintiff's requests for admissions were served, the discovery cut-off was January 19, 2007. The deadline subsequently was extended to March 23, 2007, "solely to allow the parties to take the depositions of any expert witnesses and rebuttal expert witnesses; the depositions of Ms. Jesusdaughter and Mr. Scoleri; and two additional depositions per side, which may include the service of accompanying subpoenas duces tecum." *Order* [Doc. # 285, filed 1/19/2007], at p.2.

2

Rule 36(a), Fed. R. Civ. P., provides that "[a] party may serve upon any other party a written request for the admission" of the truth of certain matters. If the receiving party fails to respond to the request within 30 days, or 33 days if as here the requests were served by mail, the matter is deemed admitted. Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005). Once a matter is admitted, it "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). A court may permit the withdrawal or amendment of matters deemed admitted under Rule 36 "when (1) the presentation of the merits will be subserved [promoted] thereby and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); see Raiser, 409 F.3d at 1246. Both prongs of the Rule 36(b) test must be met to justify withdrawal of an admission. Baker v. Potter, 212 F.R.D. 8, 14 (D.D.C. 2002).

The first prong of the Rule 36(b) test "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Raiser, 409 F.3d at 1246 (internal citation and quotations omitted). The second prong of the Rule 36(b) test requires the non-moving party to "show that it would be prejudiced by the withdrawal of [the] admissions." Id. Mere inconvenience does not constitute prejudice in this context. To the contrary:

> The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. . . . The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted.

Id. (internal citations and quotations omitted); accord American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991)(noting that "the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission").

Applying the two-pronged test of Rule 36(b) to the facts of this case leads me to conclude that Scoleri should be allowed to withdraw the deemed admissions and to substitute his written responses to the plaintiff's requests for admissions.  First, I find that enforcing Scoleri's deemed admissions would practically eliminate any presentation of the merits of the case.  The sole claim remaining in the case is the plaintiff's claim that Scoleri and/or one or more of the Doe defendants used excessive force against the plaintiff in violation of the Eighth Amendment.  Enforcing the deemed admissions that Scoleri "exerted some form of force over Plaintiff, including, without limitation, stun guns, gas, physical, or otherwise"; that Scoleri was "not justified in exerting any form of force over Plaintiff on any occasion"; and that Scoleri was "never justified in using a stun gun on Plaintiff's thigh or on any other part of her body" would essentially concede the plaintiff's remaining claim.  See Sonoda v. Cabrera, 255 F.3d 1035, 1039-40 (9th Cir. 2001)(finding that enforcement of similar admissions would "effectively eliminate a merits determination").

In addition, I find that the plaintiff has failed to establish that she will suffer any prejudice in maintaining her claim on the merits if the admissions are allowed to be withdrawn.  The plaintiff cannot reasonably argue that she relied in any way on the deemed admissions.  She certainly did not forego any additional discovery or investigation based on the admissions because the admissions were not obtained until two days before the scheduled end of discovery.  See Kress v. Food Employers Labor Relations Ass'n, 285 F. Supp. 2d 678, 681 (D. Md. 2003)(finding no

prejudice where the plaintiff failed to show that he relied on the admissions at all). In addition, Scoleri acted immediately (within two days) to provide written responses to the admission requests, and promptly moved to have the deemed admissions withdrawn. See Raiser, 409 F. 3d at 1247 (finding no prejudice where motion to amend is filed within two weeks of deadline to respond to admission requests); Nguyen v. CNA Corp., 44 F.3d 234, 243 (4th Cir. 1995)(finding no prejudice where written responses to admission requests were only one day late, the delay being the result of a snow storm); Novopharm Ltd. v. Torpharm, Inc., 181 F.R.D. 308, 310 (E.D.N.C. 1998)(finding no prejudice where responses to admission requests were made approximately 12 days late); Upchurch v. USTNET, 160 F.R.D. 131, 133-34 (D. Ore. 1995)(finding no prejudice where responses to admission requests were made 14 days late) . The only prejudice suffered by the plaintiff here as a result of allowing the withdrawal of the admissions is to require that she prove her case. That expressly is not the type of prejudice contemplated by Rule 36(b). Raiser, 409 F.3d at 1246.

Finally, although the excuses offered by Scoleri in failing to make a timely response to the admission requests is not the focus of my inquiry, id. at p.1247, I note that the failure here was not willful or the result of bad faith. To the contrary, the admission requests were pending over the Christmas/New Year holidays when many lawyers, including Scoleri's, are out of their offices. Here, one of Scoleri's lawyers (Patricia Herron) initially was out of state, and then "suffered the unexpected loss of her father" which required that she "extend her out-of-state stay in order to assist her family with her father's funeral and other related matters." *Motion to Withdraw Admissions*, at ¶¶3, 5. Scoleri's other lawyer (James Quinn) also was out of state during the holidays; then was ill immediately upon his return to work; then was called out of town on

another matter.  Id. at ¶7.

Determination of the case on its merits will be promoted by allowing the withdrawal of Scoleri's deemed admissions and the plaintiff has failed to show that withdrawal of the deemed admissions will prejudice her in maintaining her action on the merits.  Consequently,

IT IS ORDERED that the *Motion to Withdraw Admissions* is GRANTED.

Dated March 5, 2007.

                                  BY THE COURT:

                                   s/ Boyd N. Boland
                                  United States Magistrate Judge