IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO.  02-cv-00084-REB-BNB

REVEREND APPLESEED NAPHTALI JESUSDAUGHTER,

Plaintiff,

vs.

LT. JOHN SCOLERI,

Defendant.

_____

STIPULATED PROTECTIVE ORDER
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.   This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.   As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.   Information designated "CONFIDENTIAL" or "Attorney Eyes Only" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiff, Defendant, or the Department of Corrections.  CONFIDENTIAL

1

information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including the plaintiff's mother and designated representatives for the entity defendants;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

5. CONFIDENTIAL information designated as "Attorneys Only" shall not be disclosed, except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) Court Personnel

    (d) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

    (e) other persons by written agreement of the parties.

  6.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  7.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."  Documents are designated as "Attorney Only" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "Attorneys Only."

  8.  Whenever a deposition involves the disclosure of CONFIDENTIAL information or Attorney Only information, the deposition or portions thereof shall be

designated as CONFIDENTIAL or Attorney Only and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or Attorney Only after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. All or portions of any deposition already taken may be designated "CONFIDENTIAL" or "Attorneys Only" within 30 days from the entry of this order.

9. A party may object to the designation of particular information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or Attorney Only to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or Attorney Only and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information

as CONFIDENTIAL or Attorney Only shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or Attorney Only shall be returned to the party that designated it CONFIDENTIAL or Attorney Only, or the parties may elect to destroy such documents. Where the parties agree to destroy such documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED April 24, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Respectfully submitted,

S/Patricia D. Herron                                    S/Brett C. Painter

_____          _____
Patricia D. Herron                                      Brett C. Painter
Assistant Attorney General                       DAVIS GRAHAM & STUBBS LLP
Tort Litigation Section                              1550 Seventeenth Street, Suite 500
1525 Sherman Street, 5th Floor              Denver, Colorado 80202
Denver, Colorado 80203                          Telephone: (303) 892-9400
Telephone: (303) 866-5240                     Facsimile: (303) 893-1379
Facsimile: (303) 866-5443


Attorneys for Defendant                           Attorneys for Plaintiff