**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 02-cv-00084-REB-BNB

APPLESEED NAPHTALI JESUSDAUGHTER,

    Plaintiff,
v.

LT. SCOLERI,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on **Defendant Scoleri's Motion for Summary Judgment** [#300], filed February 21, 2007. The plaintiff has filed a response [#307], and a supplement to her response [#315]. The defendant has filed a reply [#320], and a supplement to his reply [#337]. I deny the motion.[1]

### I. JURISDICTION

I have subject matter jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. SUMMARY JUDGMENT - STANDARD OF REVIEW & ANALYSIS

Under **FED. R. CIV. P. 56(c)**, summary judgment is proper only if the evidence,

---

[1] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to summary judgment as a matter of law. **Farthing v. City of Shawnee, Kan**. 39 F.3d 1131, 1134 (10th Cir. 1994). A "material" fact is one "that might affect the outcome of the suit under the governing law," *Id.* at 1135 (citing **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986)), and a "genuine" issue is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing **Anderson**, 477 U.S. at 248).

I carefully have reviewed the parties' briefs related to Scoleri's motion for summary judgment. I find that there are contested issues of material fact relating to the plaintiff's claim against Scoleri. I have reviewed Scoleri's argument that I should disregard the plaintiff's sworn testimony about the key events at issue because the plaintiff's testimony is nothing more than an uncorroborated repetition of the plaintiff's self-serving, vague, conclusory, and unsupported assertions." *Reply* [#320], p. 3-5; *Supplement to reply* [#337], pp. 3-7. No doubt, there are many avenues via which the credibility of the plaintiff's testimony might be attacked. However, I cannot conclude that, on the current record, the plaintiff's "version of events is so utterly discredited by the record that no reasonable jury could (believe her)." **Scott v. Harris**, ____ U.S. ____, ____, 127 S.Ct. 1769, 1776 (2007).

The plaintiff's claim concerns five distinct events. Assuming *arguendo* that Scoleri may be entitled to judgment on a portion of the plaintiff's claim based on the evidence concerning one or more of those events, it is not mandatory that I grant partial summary judgment. **See Powell v. Radkins**, 506 F.2d 763, 765 (5th Cir.), **cert.**

2

*denied*, 423 U.S. 873 (1975) (even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment). The plaintiff's claims are similar to each other, the theories of liability are intertwined, and the claims present concatenated issues of fact and law. The piecemeal resolution of the issues raised by the parties will not simplify significantly or extenuate the evidence at trial.

### III. QUALIFIED IMMUNITY - STANDARD OF REVIEW & ANALYSIS

Scoleri has asserted the defense of qualified immunity. Qualified immunity shields public officials from civil damages liability if their actions did not "'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" **Pino v. Higgs**, 75 F.3d 1461, 1467 (10th Cir. 1996) (quoting **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982)). The qualified immunity defense "cannot be analogized to other affirmative defenses because of the interests implicated in suits against government officials. Unlike other affirmative defenses, qualified immunity not only shields a defendant from liability, but is also intended to protect the defendant from the burdens associated with trial." **Pueblo Neighborhood Health Centers, Inc. v. Losavio**, 847 F.2d 642, 645 (10th Cir.1988). The defense is only available to those defendants sued in their individual capacities. **See Moore v. City of Wynnewood**, 57 F.3d 924, 929 n. 4 (10th Cir.1995).

A motion for summary judgment asserting the defense of qualified immunity must be reviewed differently from other summary judgment motions. **Holland v. Harrington**, 268 F.3d 1179, 1185 (10th Cir. 2001), **cert. denied**, 535 U.S. 1056 (2002). After a defendant asserts qualified immunity, the burden shifts to the plaintiff. **Scull v. New**

*Mexico*, 236 F.3d 588, 595 (10th Cir.2000). The plaintiff first must establish "that the defendant's actions violated a constitutional or statutory right." ***Albright v. Rodriguez***, 51 F.3d at 1531, 1534 (10th Cir. 1995); ***Wilson v. Layne***, 526 U.S. 603, 609 (1999) (noting the court must first decide whether the plaintiff has alleged deprivation of a constitutional right). This burden means coming forward with specific facts establishing the violation. ***Taylor v. Meacham***, 82 F.3d 1556, 1559 (10th Cir.1996).

If the plaintiff establishes a violation of a constitutional or statutory right, then she must demonstrate that the right at issue was clearly established *at the time* of the defendant's alleged unlawful conduct. ***Albright***, 51 F.3d at 1534. To demonstrate clearly established law, the plaintiff must cite "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts," which find the law to be as the plaintiff maintains. ***Medina v. City and County of Denver***, 960 F.2d 1493, 1498 (10th Cir.1992). The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law establishing that the defendant's actions clearly were prohibited. ***Hilliard v. City and County of Denver***, 930 F.2d 1516, 1518 (10th Cir. 1991) (citing ***Hannula v. City of Lakewood***, 907 F.2d 129, 131 (10th Cir. 1990). In determining whether the right was "clearly established," the court assesses the objective legal reasonableness of the action at the time and asks whether "the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right." ***Wilson v. Layne***, 526 U.S. at 615. However, the plaintiff need not establish a "precise correlation between the then-existing law and the case at hand." ***Patrick v. Miller***, 953 F.2d 1240, 1249 (10th Cir.1992).

4

If the plaintiff satisfies both of these elements, the burden shifts to the defendant. Unless the defendant demonstrates that there is no disputed issue of material fact relevant to the immunity analysis, a motion for summary judgment based on qualified immunity must be denied. **Salmon v. Schwarz**, 948 F.2d 1131, 1136 (10th Cir.1991). If the plaintiff fails to satisfy either part of the two-pronged inquiry, then the court must grant qualified immunity. **Albright**, 51 F.3d at 1535. In short, although the court must review the evidence in the light most favorable to the plaintiff, the record must demonstrate clearly that the plaintiff has satisfied her heavy two-part burden. In civil rights cases, a defendant's unlawful conduct must be demonstrated with specificity. **Davis v. Gracey**, 111 F.3d 1472, 1478 (10th Cir. 1997).

Viewing the evidence in the record in the light most favorable to the plaintiff, I conclude that a reasonable fact finder could find in favor of the plaintiff on her Eighth Amendment excessive force claim. As discussed above, the plaintiff has satisfied her burden of coming forward with evidence which, when viewed in the light most favorable to the plaintiff, could establish an Eighth Amendment excessive force claim against Scoleri.

I conclude also that there is a substantial correspondence between the conduct alleged by the plaintiff, the evidence cited by the plaintiff, and prior law establishing that such conduct was clearly prohibited. For example, in **Hudson v. McMillian**, the Supreme Court held that the Cruel and Unusual Punishment Clause of the Eighth Amendment is violated when a prison official uses excessive force against an inmate when the official is acting "maliciously and sadistically" to cause harm, and not "in a good-faith effort to maintain or restore discipline." 503 U.S. 1, 6 (1992). Scoleri's use

of a stun gun in the manner and under the circumstances described by the plaintiff clearly would violate the law established in *Hudson* and many other cases. On the current record, Scoleri is not entitled to qualified immunity as to the plaintiff's Eighth Amendment claim.

## IV.  ORDER

**THEREFORE, IT IS ORDERED** that **Defendant Scoleri's Motion for Summary Judgment** [#300], filed February 21, 2007, is **DENIED**.

Dated July 16, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**