**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 02-cv-00084-REB-BNB

APPLESEED NAPHTALI JESUSDAUGHTER,

    Plaintiff,

v.

LT. SCOLERI,

    Defendant.

## ORDER CONCERNING PLAINTIFF'S MOTION IN LIMINE

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion In Limine Concerning Potential Testimony of Joan M. Shoemaker** [#314], filed March 27, 2007. The defendant has filed a response [#324], and the plaintiff has filed a reply [#332]. I deny the motion.

### I. BACKGROUND

The plaintiff's sole claim in this case is based on the plaintiff's allegation that the defendant, Lt. Scoleri, used a stun gun on the plaintiff on four or five occasions while the plaintiff was an inmate in a Colorado Department of Corrections (DOC) facility. The plaintiff claims Scoleri's use of the stun gun was unnecessary and violated the plaintiff's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment. The Cruel and Unusual Punishment Clause is violated when a prison official uses excessive force against an inmate when the official is acting "maliciously and sadistically" to cause harm, and not "in a good-faith effort to maintain or restore discipline." ***Hudson***

*v. McMillian*, 503 U.S. 1, 6 (1992).

The defendant has served the plaintiff with a **Disclosure of Proposed Testimony of Department of Corrections Employee, Joan M. Shoemaker**. *Plaintiff's motion in limine* [#314], Exhibit 2. The disclosure indicates that Shoemaker will offer "testimony and opinions" about 1) proper methods for searching inmates at DOC facilities, including strip searches; 2) the proper use of force by DOC staff, including forced cell entry and forced cell extractions, training of staff, and applicable regulations; 3) reporting and follow up requirements related to the use of force; 4) prison management and the "appropriateness of any force used against" the plaintiff. *Id.*, Exhibit 2, p. 3. The plaintiff argues that these opinions are not admissible under Fed. R. Evid. 702.

## II.  FED. R. EVID. 702

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The standards outlined in Rule 702 implicate, of course, the standards for admission of opinion testimony stated in the so-called *Daubert* trilogy. **Daubert v. Merrell Dow Pharm.**, 509 U.S. 579 (1993); **Gen. Elec. Co. v. Joiner**, 522 U.S. 136 (1997); **Kumho Tire Co., Ltd. v. Carmichael**, 526 U.S. 137 (1999). The court's application of the standards of Rule 702 and the related cases is "a flexible and commonsense undertaking in which the trial judge is granted broad latitude in deciding both how to

2

determine reliability as well as in the ultimate decision of whether the testimony is reliable." **Smith v. Ingersoll-Rand Co.**, 214 F.3d. 1235, 1243 (10th Cir. 2000) (internal quotation and citations omitted).

Rule 702 requires that opinion testimony be the product of reliable principles and methods, and that an opinion witness has applied those principles and methods reliably to the facts of the case. Reliability analysis applies to all aspects of an expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn. **Heller v. Shaw Indus.**, 167 F.3d 146, 155 (3d Cir.1999). Consequently, the court must make a practical, flexible analysis of the reliability of the testimony, considering relevant factors and the circumstances of the case. **See, e.g., Kumho Tire**, 526 U.S. at 149-52; **Heller**, 167 F.3d at 155. Some of the factors often cited in relation to opinion testimony, such as testing, peer review, publication, and acceptance by the scientific community, are not relevant to Shoemaker's proposed testimony because her testimony will not be scientific testimony.

### III.  ANALYSIS

#### A.  Relevant Facts and Data

Shoemaker testified in her deposition that she reviewed two videos depicting a cell move and a forced cell extraction involving the plaintiff. Shoemaker may offer opinions as to the "appropriateness of any force used against Ms. Jesusdaughter" based, in part, on these videos. *Plaintiff's motion in limine* [#314], Exhibit 2, p. 3. The plaintiff says she does not base her claims on the events depicted in the videos. Because the videos do not concern events at issue in this case, the plaintiff argues,

Shoemaker's opinion about the events depicted in the videos is not relevant to the palintiff's claims and will not assist the jury.

Having reviewed the record, I conclude that this issue is evidence driven and cannot be resolved until evidence is presented at trial.  Whether the videos reviewed by Shoemaker are or are not relevant to the plaintiff's claim is dependent  largely on the evidence that the plaintiff offers when presenting her case.  In this uncertain evidentiary context, the relevance of the evidence in question and the admissibility of Shoemaker's opinion evidence cannot be determined until the evidentiary landscape has developed at trial.

### B.  Assistance to the Jury

The plaintiff argues that Shoemaker's testimony about DOC and American Correctional Association (ACA) regulations and standards on the use of force, record keeping requirements related to the use of force, and the training of DOC officers is not relevant to the plaintiff's claims and will not assist the jury.  The plaintiff claims the defendant used force against the plaintiff, and that the defendant's use of force violated the plaintiff's rights under the Eighth Amendment.

The use of force standards of the DOC and ACA do not define the legal standard by which this case will be judged.  However, DOC and ACA standards may be instructive, though not conclusive, in determining whether the defendant's use of force violated the Eighth Amendment.  The standards governing the use of force in a prison are not a matter of common knowledge and experience, and such standards properly may be addressed by a witness qualified under Rule 702.  These standards are relevant to the plaintiff's excessive force claim, and they may assist the jury in

understanding the evidence and in evaluating the plaintiff's claim.

### C.  Opinion on the Ultimate Issue

The plaintiff argues also that Shoemaker's proposed testimony concerning the appropriateness of any force used against the plaintiff will include conclusions of ultimate fact that will invade the province of the jury.  Opinion testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704.  Shoemaker's proposed opinion testimony about the appropriate use of force does not improperly invade the province of the court or jury, assuming any such opinions are based on relevant and sufficient facts.

### V.  ORDER

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion In Limine Concerning Potential Testimony of Joan M. Shoemaker** [#314], filed March 27, 2007, is **DENIED**.

Dated July 17, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**