**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 02-cv-00084-REB-BNB

APPLESEED NAPHTALI JESUSDAUGHTER,

    Plaintiff,

v.

LT. SCOLERI,

    Defendant.

**ORDER CONCERNING PLAINTIFF'S MOTIONS IN LIMINE**

**Blackburn, J.**

    This matter is before me on the following motions: 1) **Plaintiff's Motion in Limine Regarding Late-Disclosed Witnesses** [#359]; 2) **Plaintiff's Motion in Limine Regarding Plaintiff's Mental Condition** [#360]; 3) **Plaintiff's Motion in Limine Regarding Video Evidence** [#361]; 4) **Plaintiff's Motion in Limine Regarding Personnel Records** [#362]; and 5) **Plaintiff's Motion in Limine Regarding Dismissed Claims and Other Lawsuits Filed by Plaintiff** [#363], all filed July 13, 2007. I will commission a response to [#359]. With regard to the other four motions, I exercise my discretion under D.C.COLO.LCivR 7.1 (C) and I deny those motions even though the defendant has not yet filed a response.

    The plaintiff's motion concerning late disclosed witnesses [#359] implicates the requirements of FED. R. CIV. P. 26 and presents issues that I decline to address absent a response from the defendant. I will await such a response before addressing that motion

In the plaintiff's four other motions, [#s 360, 361, 362, and 363], the plaintiff challenges particular testimony or other evidence by arguing that the evidence is irrelevant and that it is unduly prejudicial.  Particularly in this case, a determination of whether particular evidence to be presented by the defense is or is not relevant, and whether it is or is not unduly prejudicial, requires an evaluation of the evidence in question in the context of other evidence presented at trial.  Similarly, a determination of whether or not the plaintiff's claim of privilege requires the exclusion of evidence concerning her mental condition also is dependent, in part, on the nature of other evidence presented by the plaintiff at trial.  In this uncertain evidentiary context, the issues of relevance, undue prejudice, and privilege raised by the plaintiff cannot be determined  properly until the evidentiary landscape is clear at trial.

As demonstrated here, a motion in limine based on issues of relevance or undue prejudice almost always presents issues that cannot be resolved properly until the evidence in question is examined in the context of other evidence at trial.  That is why I specifically discourage the filing of such motions in my Practice Standards.  REB Civ. Practice Standard V.F.

**THEREFORE, IT IS ORDERED** as follows:

1.  That I will address the **Plaintiff's Motion in Limine Regarding Late-Disclosed Witnesses** [#359], filed July 13, 2007, after the defendant has filed a response;

2.  That the **Plaintiff's Motion in Limine Regarding Plaintiff's Mental Condition** [#360], filed July 13, 2007, is **DENIED**;

3.  That the **Plaintiff's Motion in Limine Regarding Video Evidence** [#361],

filed July 13, 2007, is **DENIED**;

    4.  That the **Plaintiff's Motion in Limine Regarding Personnel Records** [#362], filed July 13, 2007, is **DENIED**; and

    5.  That the **Plaintiff's Motion in Limine Regarding Dismissed Claims and Other Lawsuits Filed by Plaintiff** [#363], filed July 13, 2007, is **DENIED**.

Dated July 19, 2007, at Denver, Colorado.

                                  **BY THE COURT:**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**